UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

## IN ADMIRALTY

CASE NO.: 0:22-cv-61743

ITOW.BOATS, LLC,

    Plaintiff,

vs.

*M/V EMPIRE III, a* 2005 50' Azimut Motor Vessel, her engines, tackle, equipment, apparel, appurtenances, etc., *in rem*; and THE EMPIRE YACHTZ, LLC,

    Defendants.

_____/

## VERIFIED COMPLAINT

Plaintiff, ITOW.BOATS, LLC ("PLAINTIFF") hereby sues *M/V EMPIRE III*, a 2005 50' Azimut motor vessel, her engines, tackle, equipment, apparel, appurtenances, *etc.*, *in rem* ("*M/V EMPIRE*"); and THE EMPIRE YACHTZ, LLC ("EMPIRE YACHTZ"), *in personam*, and states:

### JURISDICTION & VENUE

1.    This is a cause within the admiralty and maritime jurisdiction of this Honorable Court founded upon Article III of the United States Constitution and within the meaning of Rule 9(h) of the *Federal Rules of Civil Procedure*, and further pursuant to 28 USC §§1333 and 80107.

2.    Venue for this action is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b).

CASE NO.:
*Complaint*

3. Pursuant to Local Rule E(3) entitled <u>Special Requirements For Salvage Actions</u>, the value of the *M/V EMPIRE* and other property salvaged has not yet been determined with certainty, but is believed to be in excess of $100,000.00.

4. Pursuant to Local Rule E(3) entitled <u>Special Requirements For Salvage Actions</u>, PLAINTIFF claims a liberal salvage award based on the high order salvage it performed in an amount not less than $100,000.00 as well as attorneys' fees, costs and prejudgment interest.

5. Pursuant to Local Rule E(3) entitled <u>Special Requirements For Salvage Actions</u>, this action is commenced on behalf of the principal salvor, PLAINTIFF; the only salvor participating in the salvage of the *M/V EMPIRE*.

## PARTIES

6. PLAINTIFF is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business in Miami, Florida, and at all times material hereto was engaged in the business of rendering professional marine salvage services.

7. *M/V EMPIRE* is a 2005 50' foot Azimut motor vessel. Upon information and belief, the *M/V EMPIRE* is or will be during the pendency of the process herein, within the Southern District of Florida and within the jurisdiction of this Court.

8. EMPIRE YACHTZ is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business in Miramar, Florida.

9. At all times material, EMPIRE YACHTZ was engaged in the business of owning, operating and managing the vessel *M/V EMPIRE* as a charter vessel.

## GENERAL ALLEGATIONS

10. On or about May 21, 2022, the *M/V EMPIRE* began spilling diesel fuel from her tank into her engine compartment and bilges in Aventura, Florida.

11. At all times material, the *M/V EMPIRE* was moored in the vicinity of the Biscayne Aquatic Preserve in Aventura, Florida.

12. At 7:28 PM on May 21, 2022, the *M/V EMPIRE* became disabled and was in jeopardy of spilling diesel fuel into the Biscayne Aquatic Preserve, and causing substantial environmental damage.

13. As part of its continuous watch-standing duties, PLAINTIFF received a report of the vessel's distress, and PLAINTIFF's salvage crew immediately got underway in a fast salvage vessel to the *M/V EMPIRE's* location.

14. PLAINTIFF was the first and only resource that responded to the *M/V EMPIRE's* location in a timely manner.

15. PLAINTIFF arrived at the scene and determined the *M/V EMPIRE* was in a position of peril.

16. Acting without any obligation otherwise, PLAINTIFF staged a salvage operation, successfully secured *M/V EMPIRE* from her position of peril, provided environmental mitigation, prevention and/or clean-up of diesel fuel in the Biscayne Aquatic Preserve through the deployment of boom and sorbent materials. PLAINTIFF additionally removed diesel fuel from the *M/V EMPIRE's* fuel tank, vessel engine room and bilges.

17. PLAINTIFF rendered its salvage services on a no-cure/no-pay basis.

## COUNT I - CLAIM FOR SALVAGE AWARD
(*In Rem* – M/V EMPIRE)

18. This is an action by PLAINTIFF against *M/V EMPIRE* for salvage award, the subject matter of which exceeds $50,000.00 exclusive of interest, costs and attorney's fees.

19. PLAINTIFF re-alleges and re-avers the allegations contained in paragraphs 1

CASE NO.:
*Verified Complaint*

through 17 above, with the same force and effect as if fully restated and set forth herein.

20. The salvage services rendered by PLAINTIFF resulted in the successful removal of the *M/V EMPIRE* from her position of peril.

21. PLAINTIFF voluntarily rendered salvage services and had no pre-existing duty or obligation to do so.

22. PLAINTIFF by virtue of having voluntarily and successfully delivered the *M/V EMPIRE* from her condition of peril is entitled to a salvage award.

23. The salvage services rendered by PLAINTIFF were of the highest order.

24. Although PLAINTIFF has demanded a salvage award from the DEFENDANTS and/or their representatives, no payment has been received for these services. Thus, PLAINTIFF has been forced to retain the services of the undersigned's law firm and is obligated to pay a reasonable fee for their services.

## COUNT II - CLAIM FOR SALVAGE AWARD
### (*In Personam* – EMPIRE YACHTZ)

25. This is an action by PLAINTIFF against EMPIRE YACHTZ for salvage award, the subject matter of which exceeds $50,000.00 exclusive of interest, costs and attorney's fees.

26. PLAINTIFF re-alleges and re-avers the allegations contained in paragraphs 1 through 17 above, with the same force and effect as if fully restated and set forth herein.

27. Pursuant to the General Maritime Law, EMPIRE, as owner of the *M/V EMPIRE* is liable, *in personam*, for the salvage services rendered by PLAINTIFF.

## COUNT III - CLAIM FOR EXPENSES ATTENDANT TO SALVAGE

28. This is an action by PLAINTIFF against DEFENDANTS for expenses attendant to salvage, the subject matter of which exceeds $50,000.00 exclusive of interest, costs and attorney's

fees.

29.     PLAINTIFF re-alleges and re-avers the allegations contained in paragraphs 1 through 17 above, with the same force and effect as if fully restated and set forth herein.

30.     Following the salvage of the *M/V EMPIRE*, the casualty Vessel remained at her mooring in Fort Lauderdale, Florida.

31.     PLAINTIFF was under a legal compulsion to take appropriate measures to protect and preserve the Casualty until such time as it was able to re-deliver the vessel to its owner.

32.     PLAINTIFF incurred expenses attendant to its caring for the casualty until such time as it was able to re-deliver the vessel to its owner.

33.     As best as can now be calculated these expenses total in aggregate approximately $10,000.00.

## COUNT IV - CLAIM FOR ATTORNEYS' FEES AND COSTS

34.     This is an action by PLAINTIFF against DEFENDANTS for attorney's fees and costs, the subject matter of which exceeds $5,000.00 exclusive of interest, costs and attorney's fees.

35.     PLAINTIFF re-alleges and re-avers the allegations contained in paragraphs 1 through 17 above, with the same force and effect as if fully restated and set forth herein.

36.     That the *M/V EMPIRE* was moored in the vicinity of the Biscayne Aquatic Preserve are facts which cannot be reasonably disputed.

37.     That PLAINTIFF promptly extricated the *M/V EMPIRE* from its position of peril is a fact which cannot be reasonably disputed.

38.     That PLAINTIFF rendered its services voluntarily is a fact which cannot be reasonably disputed.

39.     Thus, the DEFENDANTS' and/or their agents' failure and refusal to concede that

CASE NO.:
*Verified Complaint*

salvage services were rendered is in bad faith and lacking in all factual or legal bases making an award of attorneys' fees and costs to PLAINTIFF just, appropriate and consistent with the tenets of the General Maritime Law's treatment of salvors and salvage claims.

WHEREFORE, Plaintiff, ITOW.BOATS, LLC, respectfully requests this Honorable Court:

a. Issue a warrant for the arrest of the *M/V EMPIRE*, citing it and all persons claiming any interest therein to appear and answer under oath the matters aforesaid;

b. Order that ITOW.BOATS, LLC has a maritime lien upon the *M/V EMPIRE* for salvage and that such lien is superior to the interest, liens and/or claims of any and all persons, firms or corporations whatsoever, and that such lien be foreclosed in accordance with the law and the vessel be condemned and sold in payment of the amount due for the salvage award and all other sums owed;

c. Enter judgment for ITOW.BOATS, LLC and against *M/V EMPIRE in rem*, and THE EMPIRE YACHTZ., LLC, *in personam*, for the amount of the salvage award, attorney's fees, costs and interest due, and that such lien be foreclosed in accordance with the law and that the vessel be condemned and sold in payment of the amount due and all other such sums owed;

d. Order that ITOW.BOATS, LLC be permitted to bid its judgment against the *M/V EMPIRE* at a United States Marshal's Sale; and

e. Grant any further relief the Court may deem just, equitable and proper.

Dated: September 16, 2022.

*[Signature Page follows]*

CASE NO.:<br>*Verified Complaint*

> JANSSEN, SIRACUSA & KEEGAN, PLLC
> *Counsel for Plaintiff, Itow.Boats, LLC*
> 120 S. Olive Avenue, Suite 504 West
> Palm Beach, FL 33401
> Telephone (561) 420-0583
> Facsimile (561) 420-0576
> Email: jjanssen@jasilaw.com
> Email: jsiracusa@jasilaw.com
>
> By: ___*John M. Siracusa*___
> JOSEPH W. JANSSEN, III
> Florida Bar No. 160067
> JOHN M. SIRACUSA
> Florida Bar No. 159670 MARK

## **VERIFICATION**

I declare under penalty of perjury of the laws of the United States of America the facts stated above are true and correct.

Executed on this **16th** day of September, 2022.

ITOW.BOATS, LLC

_____
Captain Jarvis Osorio, its Manager