UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

**IN ADMIRALTY**

CASE NO.: 0:22-cv-61743-WPD

ITOW.BOATS, LLC,

    Plaintiff,

vs.

*M/V EMPIRE III, a* 2005 50' Azimut Motor Vessel, her engines, tackle, equipment, apparel, appurtenances, etc., *in rem*; and THE EMPIRE YACHTZ, LLC,

    Defendants.
_____/

**PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT
AGREEMENT, AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, ITOW.BOATS, LLC ("PLAINTIFF"), by and through its undersigned counsel and pursuant to Local Rule 7.1, and the Court's Order of November 1, 2023 [D.E. 34], hereby submits its Motion for Enforcement of Settlement Agreement, and Incorporated Memorandum of Law, and states:

**I.    BACKGROUND**

On September 16, 2022, PLAINTIFF brought this action against Defendants, *M/V EMPIRE III, in rem,* and THE EMPIRE YACHTZ, LLC. ("EMPIRE YACHTZ") (collectively "DEFENDANTS") seeking a salvage award for PLAINTIFF's environmental mitigation, prevention and/or clean-up of a diesel fuel spill from the *M/V EMPIRE III.* [D.E. 1].

On November 15, 2022, counsel for DEFENDANTS filed his Notice of Appearance. [D.E. 13].

Case No. 0:22-cv-61743-WPD
*Plaintiff's Motion to Enforce
Settlement, and Incorporated Memorandum of Law*

On December 13, 2022, EMPIRE YACHTZ filed an Answer and Affirmative Defenses to the Complaint. [D.E. 22].

On January 6, 2023, the parties selected Levi Williams, Esq. as their certified mediator. [D.E. 26].

On October 11, 2023, Mr. Williams filed his report advising the Court the mediation conference was held on October 4, 2023 via Zoom, all required parties were present and an agreement was reached settling the matter in full. [D.E. 31].

On October 24, 2023, this Court entered an Order requiring the parties to either file the appropriate dismissal papers or show cause why those papers had not been filed, by October 31, 2023. [D.E. 32].

On October 31, 2023, the parties filed their Joint Response stating in relevant part, as follows:

> **The parties reached a settlement agreement, the material terms of which are as follows: (1) Defendant, EMPIRE YACHTZ, LLC, was required to make a $25,000 settlement payment by wire to PLAINTIFF's counsel's trust account by 5 pm on October 11, 2023; (2) In the event Defendant did not make the settlement payment by October 11, 2023, then upon notice of the default, the Defendant had an additional seven days to cure the default, (*i.e.*, by October 17, 2023); and (3) if not cured, then PLAINTIFF would be entitled to a Final Default Judgment against DEFENDANTS in the amount of $35,000 plus costs and attorney's fees. To date, the settlement payment has not been made.**
>
> \* \* \*
>
> DEFENDANTS' counsel has been advised his client intends to pay within seven (7) days.

[D.E. 33]. (Emphasis supplied).

Case No. 0:22-cv-61743-WPD
*Plaintiff's Motion to Enforce
Settlement, and Incorporated Memorandum of Law*

On November 1, 2023, the Court entered an Order requiring the parties file dismissal papers or alternatively, PLAINTIFF may file its motion to enforce settlement on or before November 8, 2023. [D.E. 34].

To date, EMPIRE YACHTZ has not paid the settlement.

In view of the foregoing and for the reasons discussed further *infra*, the Court should enforce the parties' settlement agreement.

## II.     MEMORANDUM OF LAW

Public policy strongly favors the enforcement of pretrial settlement agreements in all types of litigation, including cases brought in admiralty. *Sea-Land Service, Inc. v. Sellan*, 64 F.Supp.2d 1255, 1260 (S.D.Fla. 2003) (enforcing seaman's settlement agreement). "A settlement is, after all, intended to resolve litigation, not proliferate or protract it." *Id*., *citing Naumann v. Cambridge Tankers, Inc*., 1988 AMC 1996 (E.D.Pa. 1988). Settlement agreements are highly favored and should be enforced whenever possible. *TIC Park Centre 9, LLC v. Wojnar*, 629 F.Supp.3d 1214, 1217 (S.D.Fla. 2022) (judgment of money damages appropriate to enforce a settlement agreement where amount is set forth in the agreement, and the court has retained jurisdiction). Absent a factual basis rendering a settlement invalid, an oral agreement settling a personal injury action within the maritime jurisdiction of the federal courts is enforceable. *Strange v. Gulf & South Am. Steamship Co., Inc*., 495 F.2d 1235, 1236-37 (5th Cir. 1975)(oral agreement to settle longshoreman's claim against shipowner for head injuries sustained aboard ship was not subject to repudiation by longshoreman, where parties had negotiated at arm's length, in good faith and

Case No. 0:22-cv-61743-WPD
*Plaintiff's Motion to Enforce
Settlement, and Incorporated Memorandum of Law*

there was no indication of any failure to disclose known facts or attempt to mislead).[1]

In the instant case, DEFENDANTS' counsel has already confirmed the material terms of the parties' settlement agreement. *See Joint* Response dated October 31, 2023. [D.E. 33]. The settlement was negotiated in good faith and at arm's length. DEFENDANTS advised their counsel of their intent to pay the settlement within seven days of the Parties' filing of their Joint Response. [D.E. 33]. As such, the parties' settlement is enforceable, and a final judgment in favor of PLAINTIFF against EMPIRE YACHTZ should be entered.[2]

### III.    CONCLUSION

WHEREFORE, Plaintiff, ITOW.BOATS, LLC, respectfully requests this Honorable Court enforce the parties' settlement, enter a final judgment against Defendant, THE EMPIRE YACHTZ, LLC for the principle sum of THIRTY-FIVE THOUSAND DOLLARS and NO CENTS ($35,000.00), reserve jurisdiction to award attorney's fees and costs to Plaintiff, and grant any other and further relief the Court deems just and proper.

### CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), I hereby certify the undersigned counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this Motion in a good faith effort to narrow and/or resolve the issues raised herein. Counsel for Defendants has advised his client has not authorized him to agree to the relief requested in this Motion.

---

[1] *Bonner v. City of Prichard, Ala.*, 661F.2d 1206 (11th Cir. 1981)(*en banc*) (holding decisions of the United States Court of Appeals for the Fifth Circuit, which had been issued by September 30, 1981, shall be binding as precedent in the Eleventh Circuit).

[2] PLAINTIFF has not arrested the Defendant vessel, *M/V EMPIRE III*.

Case No. 0:22-cv-61743-WPD
*Plaintiff's Motion to Enforce
Settlement, and Incorporated Memorandum of Law*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on November 8, 2023, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

JANSSEN, SIRACUSA & KEEGAN PLLC
*Counsel for Plaintiff, Itow.Boats, LLC*
19 West Flagler Street, Suite 618
Miami, Florida 33130
Telephone (561) 428-2776
Email: jsiracusa@jasilaw.com
Email: jjanssen@jasilaw.com

By: **s/ *John M. Siracusa*  **
    JOSEPH W. JANSSEN, III
    Florida Bar No. 160067
    JOHN M. SIRACUSA
    Florida Bar No. 159670

**SERVICE LIST:**

Christopher M. Lomax, Esq.
Lomax Legal, PLLC
95 Merrick Way, 3rd Floor
Coral Gables, FL 33134
Telephone: (305) 582-6506
Facsimile: (305) 503-6897
Email: Chris@LomaxLegal.com
*(Counsel for Defendants)*