UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 22-61743-CIV-DIMITROULEAS/HUNT

ITOW.BOATS, LLC,

        Plaintiff,

v.

M/V EMPIRE III, a 2005 50 Azimut
Motor Vessel, her engines, tackle, equipment,
apparel, appurtenances, etc., in rem, and
THE EMPIRE YACHTZ, LLC,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on Plaintiff's Motions to Enforce Settlement Agreement.  ECF No. 35.  The Honorable William P. Dimitrouleas, United States District Judge, referred this matter to the undersigned United States Magistrate Judge for a Report and Recommendation.  ECF No. 36; *see also* 28 U.S.C.A. § 636(b); S.D. Fla. L.R., Mag. R. 1.  Upon thorough review of the Motions, the entire case file, the applicable law, the arguments of counsel at a December 21, 2023 hearing, and being otherwise fully advised in the premises, the undersigned respectfully RECOMMENDS that Plaintiff's Motion be GRANTED for the reasons set out below.

This case stems from an action brought by Plaintiff against Defendants seeking a salvage award for environmental mitigation, prevention and/or clean-up of a diesel fuel spill from the *M/V EMPIRE III*.  ECF No.  1.  On October 11, 2023, a mediator notified the Court that the matter had been settled in full.  ECF No. 31.  This Court on October 24,

2023, entered an Order to Show Cause requiring the parties to either file the appropriate dismissal papers or show cause why those papers had not been filed.  ECF No. 32.

The Parties filed a Joint Response stating in relevant part:

> The parties reached a settlement agreement, the material terms of which are as follows: (1) Defendant, EMPIRE YACHTZ, LLC, was required to make a $25,000 settlement payment by wire to PLAINTIFF's counsel's trust account by 5 pm on October 11, 2023; (2) In the event Defendant did not make the settlement payment by October 11, 2023, then upon notice of the default, the Defendant had an additional seven days to cure the default, (i.e., by October 17, 2023); and (3) if not cured, then PLAINTIFF would be entitled to a Final Default Judgment against DEFENDANTS in the amount of $35,000 plus costs and attorney's fees. To date, the settlement payment has not been made.

Defendant stated that he intended to pay the settlement amount within 7 days. ECF No. 33.  The Court gave the Parties until November 8, 2023, to either file dismissal papers or a motion to enforce settlement.  ECF No. 34.  In response, Plaintiff filed the instant Motion to Enforce on November 8, 2023.  ECF No.

On November 18, 2023, Defendants filed a response in which they explicitly did not contest the allegations in Plaintiff's Motion to Enforce.  ECF No. 38.  Defendants instead requested an additional thirty (30) days to gather the financial resources to make payment.  *Id.*  On December 21, after Defendants' requested period had run, the undersigned held a hearing to determine the status of the settlement.  The Parties agreed that payment had not been made and that the matter was ripe for determination.

Plaintiff asks this Court, per the third clause quoted above, to enter a final judgment against Defendant, The Empire Yachtz, LLC, for $35,000.00, as well as to reserve jurisdiction to award attorney's fees and costs to Plaintiff.  "Settlement agreements are governed by principles of local law applicable to contracts generally." *MBI Servs., LLC v. Apex Distribution LLC*, No. 21-20975--CIV-BLOOM/OTAZO-REYES, 2022 WL 6574416,

at *1 (S.D. Fla. Sept. 21, 2022), *report and recommendation adopted*, No. 21-CV-20975-BLOOM/OTAZO-REYES, 2022 WL 17583634 (S.D. Fla. Oct. 11, 2022) (quoting *Southernmost Marine Servs., Inc. v. One (1) 2000 Fifty Four Foot (54') Sea Ray named M/V "Potential"*, 250 F. Supp. 2d 1367, 1380 (S.D. Fla. 2003)). "A party seeking to enforce a contract under Florida law must prove the existence of a valid contract." *Id.* (*quoting Merlin Petroleum Co., Inc. v. Sarabia*, No. 8:16-CV-1000-T-30TBM, 2016 WL 6947385, at *3 (M.D. Fla. Nov. 28, 2016)).

At the hearing, Defendants' counsel offered no substantive arguments against Plaintiff's contention that the settlement agreement is valid and enforceable. Courts "favor and encourage settlements in order to conserve judicial resources." *Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994). Given that there is no real dispute as to whether there is, indeed, a settlement, nor is there any real dispute that the clause cited by Plaintiff has been triggered, Plaintiff's Motion should be granted in full.

## **RECOMMENDATION**

For the reasons set forth above, the undersigned hereby RECOMMENDS that Plaintiff's Motion to Enforce Settlement Agreement, ECF No. 35, be GRANTED.

1) The Court should enter final judgment against Defendant, The Empire Yachtz, LLC, for $35,000.00; and

2) The Court should reserve jurisdiction to award attorney's fees and costs to Plaintiff.

Within seven (7) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C.

§ 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1 (2016); *see Thomas v. Arn,* 474 U.S. 140 (1985).

DONE and SUBMITTED at Fort Lauderdale, Florida, this 22nd day of December 2023.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable William P. Dimitrouleas
All Counsel of Record